```
Ryan Alexander                              E-FILED
NV Bar No. 10845
Law Offices of Ryan Alexander
520 S Fourth Street
LAS VEGAS, NV 89101
(702) 868-3311 Phone
(702) 868-3312 (Fax)
ryan@ryanalexander.us (E-mail)
```

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:                                    Case No.: 10-12105-BAM
                                          Hon. Bruce A. Markell
LEONARDO CARBALLO AND                     Chapter 11
ANGELA NUNEZ,

            DEBTORS.                      Hearing Date: May 11, 2010
                                          Hearing Time: 9:00 a.m.

### MOTION TO VALUE COLLATERAL, "CRAM DOWN" AND MODIFY RIGHTS OF SECURED CREDITOR PURSUANT TO 11 U.S.C. SECTION 506(a) AND SECTION 1322

COME NOW **LEONARDO CARBALLO** and **ANGELA NUNEZ**, (hereinafter the "Debtors"), by and through their attorney, Ryan Alexander, of The Law Offices of Ryan Alexander, and move this Court to modify the rights of Americas Servicing Co. (the "Mortgage Company") to be partially unsecured and modify the rights of said creditor accordingly.

In support of this Motion, the Debtors assert the following:

1.   Debtors filed their instant Chapter 11, Case No. 10-12105-BKM on February 10, 2010.

1

2. On the petition date, Debtors owned real property at 4132 Knoll Ridge Avenue, N. Las Vegas, NV 89032 used as a rental property and described herein as:

> Lot Ninety (90) in Block Five (5) of Montero Unit No. 2B as shown by Map Thereof on File in Book 53 of Plats 69 in the Office of the County Recorder Clark County, Nevada.

3. The value of the Subject Property is $108,000.00. (*See* Collateral Market Value Report attached hereto as Exhibit "A").

4. Per Schedule "D" of the petition, said property at the time of filing was subject to the following secured claims evidenced by the Promissory Note and allegedly secured by Deeds of Trust (*See* Exhibit "B").

| Secured Creditor | Approximate Lien Amount |
|---|---|
| **First Mortgage**: Americas Servicing Co. 1 Home Campus Des Moines, IA 50328 | $225,600.00 |
| **Second Mortgage**: Select Portfolio Servicing PO Box 5250 Salt Lake City, UT 84165 | $ 41,737.00 |
| **Total Amount Owed:** | $267,337.00 |

The Debtors' Property does not have any equity and is worth significantly less than its secured debt. Accordingly, the Debtors request that the Court find that a portion of the lender's claim is unsecured and should be reclassified as a general unsecured claim to receive its pro-rata distribution with other general unsecured creditors through the Debtors' Chapter 11 plan.

### MEMORANDUM OF LAW

1. Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 11 debtor may bifurcate a secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under Section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. Section 506(a)(1).

2. The Supreme Court has recognized that Section 506 of the Bankruptcy Code defines the amount of the secured creditor's allowed secured claim and the conditions of his receiving post-petition interest. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988). In United Sav. Ass'n of Texas, the Supreme Court interpreting Section 506(a) of the Bankruptcy Code found that:

> In subsection (a) of this provision the creditor's "interest in property" obviously means his security interest without taking account of his right to immediate possession of the collateral on default. If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues-since the value of the entitlement to use the collateral from the date of bankruptcy would rise with the passage of time. No one suggests this was intended. The phrase "value of such creditor's interest" in Section 506(a) means "the value of the collateral."

See id. (emphasis added) (quoting H.R. Rep. No. 95-595, pp. 181, 356 (1977)).

3. The Ninth Circuit agrees with this interpretation of Section 506 of the Bankruptcy Code. In re Maldonado 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting Section

3

506(a), "a claim 'is a secured claim to the extent of the value of [the] creditor's interests' in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.")

4. In addition, this Bankruptcy Court has found that "an 'allowed secured claim' is a determination generally made under 11 U.S.C. Section 506." In re BBT, 11 B.R. 224, 229 (Bankr. D. Nev. 1981). The Bankruptcy court further stated that, with respect to a claim secured by a lien on property of the estate, "to the extent that the value of the property is less than the amount of the total allowed claim, **the claim is unsecured**." Id. (emphasis added).

5. Thus, pursuant to the law of this Circuit, the amount of the allowed secured claim cannot exceed the market value of the property and the remainder of the claim must be treated as an allowed unsecured claim for purposes of the plan. In re Sagewood Manor Associates Ltd. Partnership, 22 B.R. 756, 773 (Bankr. D. Nev. 1998) (holding that the court may confirm a chapter 11 plan over the objection of a class of secured claims if the members of that class are to receive under the plan property of a value equal to the allowed amount of their secured claims, as determined under 11 U.S.C. Section 506(a)).

6. Moreover, the Ninth Circuit Court of Appeals has also found that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to Section 506(a) of the Bankruptcy Code. See In re Zimmer, 313 F.3d 1220 (9th Cir. 2002.) Specifically, the Court held:

> Section 506(a) divides creditors' claims into 'secured claims' and 'unsecured claims." Although the conventional interpretation of 'secured" might include any claim in which the creditor has a security interest in the debtor's property, Section 506(a) makes clear that the status of a claim depends on the valuation of the property:

> 'An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.'
>
> 11 U.S.C. 506(a). To put it more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on property will be considered a 'secured claim.' Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

*In re Zimmer*, 313 F. 3d at 1222-23.

7. Accordingly, because the property is an investment, and the mortgage on the Property is undersecured, the lender's claim should be bifurcated into a secured claim in the amount of $108,000.00 and an unsecured claim of $117,600.00 based on the market value of the Property as shown in the appraisal. Importantly, the Debtor does not seek to modify any of the terms or conditions of the Loan and requests that the Court enter an order stating such terms as the interest rate and loan amortization remain in effect.

8. Finally, the filing of a motion rather than an adversary proceeding to achieve the relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-LBR (D. Nev. June 25, 2008) (approving the stripping off of an unsecured lien by motion); see also In re Robert, 313 B.R. 545 (Bankr. N.D.N.Y 2004); In re Bennett, 312 B.R. 843 (Bankr. W.D. Ky. 2004); In re King, 290 B.R. 641 (Bankr. C.D. Ill. 2003); In re Millspaugh, 302 B.R. 90 (Bankr. D. Idaho 2003); Dickey v. Ben. Fin. (In re Dickey), 293 B.R.

360 (Bankr. M.D. Pa. 2003); In re Hill, 304 B.R. 800 (Bankr. S.D. Ohio 2003); In re Sadala, 294 B.R. 180 (Bankr. M.D. Fla. 2003); In re Fisher, 289 B.R. 544 (Bankr. W.D. N.Y. 2003); In re Hoskins, 262 B.R. 693 (Bankr. E.D. Mich. 2001); In re Fuller, 255 B.R. 300 (Bankr. W.D. Mich. 2000); and In re Williams, 166 B.R. 615 (Bankr. E.D. Va. 1994).

### CONCLUSION

9.  Bankruptcy law is clear, absent sufficient equity in the Property, the mortgage lender's claim is only partially secured must be bifurcated into secured and unsecured claims. The wholly unsecured portion should receive only its pro rata distribution with other general unsecured creditors through the Debtor's Chapter 11 plan.

WHEREFORE, Debtor prays that this Court: (i) enter an order finding the value of the Property to be $108,000.00; (ii) bifurcate the mortgage claim into secured and unsecured claims which reflect the current value of $108,000.00 and the unsecured amount of $117,600.00 respectively; (iii) reclassify the wholly unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 11 plan; and (iv) such other relief the Court deems just and property.

Dated this 6th day of April, 2010.

Respectfully submitted,
/s/ Ryan Alexander, Esq. /s/
Ryan Alexander, Esq.
NV Bar No. 10845
Law Offices of Ryan Alexander
520 S Fourth Street
LAS VEGAS, NV 89101
(702) 868-3311 Phone
(702) 868-3312 (Fax)
ryan@ryanalexander.us (E-mail)
Attorney for Debtors